# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CEMENT MASONS' PENSION TRUST FUND –
DETROIT & VICINITY, et al.,

    Plaintiffs,

  v.                                       Case No. 22-11206

ISA FLOORS, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

Before the court is Plaintiffs' Motion for Alternative Service. (ECF No. 3.) For the reasons stated below, the court will grant the motion.

### I.  BACKGROUND

Plaintiffs filed their complaint on June 1, 2022, alleging a claim for breach of the fringe benefit provisions of the collective bargaining agreements to which Defendant is a party. (ECF No. 1.) On June 2, 2022, a summons was issued for Defendant.

Plaintiffs move for alternative service, stating that they have been unable to serve Defendant in the manner provided in the applicable court rules and it appears that Defendant has been evading service. (ECF No. 3.) Plaintiffs seek permission from the court to effectuate service of process on Defendant by tacking the summons, complaint, and the court's order to the door of Defendant's and its resident agent's address at 119 Fairhills Drive in Ypsilanti, Michigan, or leaving a copy of those documents with any

responsible adult at that location, accompanied by mailing the documents via certified and regular mail to the same address.

## II.  STANDARD

In federal proceedings, a corporation may be served in a judicial district of the United States:

(A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summonss and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, allows a plaintiff to serve a defendant with the complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Michigan, a corporation may be served by:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

   (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

2

> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). "Michigan law requires corporations to be 'personally' served." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3893038, at *7 (E.D. Mich. July 10, 2020).

If a party shows that "service of process cannot reasonably be made as provided by [these rules]," the court may exercise its discretion with an order to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). For example, courts may allow service by publication, by posting a copy of the summons and complaint on the door of the defendant's address accompanied by mailing, or by email. *See, e.g., Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (collecting cases). However, substituted service "is not an automatic right." *Id.* at *4 (quoting *Krueger v. Williams*, 410 Mich. 144, 159 (1981)). A plaintiff must "set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. R. 2.105(J)(2). And "[i]f the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it." *Id.* "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* (quoting *Krueger*, 410 Mich. at 168).

### III. DISCUSSION

Plaintiffs have made the necessary showing entitling them to relief under the Federal Rules of Civil Procedure and Michigan law. Plaintiffs attach to their motion an "Affidavit of Due Diligence," signed by the process server Steven Sekles. (ECF No. 3, PageID.16-17.) Sekles attested that "[a]fter [the] due search, careful inquiry, and diligent attempts," he was unable to serve Defendant with the summons and complaint "for the reason that [he] failed to find [Defendant] or any information to allow further search." (ECF No. 3, PageID. 16.) Sekles indicated that he unsuccessfully attempted to serve Defendant on four occasions between June 9 and June 21, 2022 at 119 Fairhills Drive in Ypsilanti, Michigan, which is the address of Defendant's registered agent and registered office.[1] (*Id.*, PageID.12, ¶3.) At each of these attempts, there was no answer, and Sekles left his phone number. (*Id.*, PageID.16.) On June 18, Sekles noticed that someone was inside the house but refused to answer the door. (*Id.*) On June 21, his last attempt, Sekles spoke to the neighbors who stated they were not sure who lived in the house. (*Id.*) These are sufficient facts to show that Defendant cannot be located with reasonable diligence and that service of process cannot reasonably be made as provided in the rules.

Plaintiffs' proposal for alternative service is likely to provide actual notice to Defendant. Plaintiffs seek to serve Defendant by posting a copy of the summons, complaint, and the court's order to the front door of the 119 Fairhills Drive in Ypsilanti,

---

[1] The Corporations Online Filing System of the Michigan Department of Licensing and Regulatory Affairs lists 119 Fairhill Drive in Ypsilanti, Michigan as the address of Defendant and its resident agent, who is also Defendant's president, treasurer, secretary, and director. A quick Google search did not yield any different address for Defendant.

4

Michigan address or leaving those documents with any responsible adult at that location,[2] combined with certified and regular mailing to that address (ECF No. 3, PageID.14.) These are permissible means of alternative service that would provide actual notice to Defendant. *See Moseley v. Regency Transportation, LLC,* 525 F. Supp. 3d 823, 826 (E.D. Mich. 2021) (permitting alternative service by posting the materials to registered agent's address and mailing, reasoning that ""given that a registered agent is a person specifically designated to receive legal documents on behalf of a corporation, posting and mailing to an entity's registered agent should be an acceptable way to ensure notice"); *Reyes-Trujillo*, 2021 WL 534488, at *4 (granting alternative service by five means, including mailing by First Class mail and posting at the address of a corporation and its registered agent); *Live Face on Web, LLC v. Stahold Corp.*, No. 17-13918, 2018 WL 3363727, at *1, *3 (E.D. Mich. July 10, 2018) (allowing alternative service on the defendants—a corporation and an individual—in part, by posting the service documents at the home of the individual defendant, who was also the corporate defendant's registered agent for service of process, and by mailing the documents via first class and certified mail to various addresses).

## IV. CONCLUSION

The court will grant Plaintiff's motion and allow alternate service by a combination of posting of the summons, the complaint, and this order to the door of 119 Fairhills Drive in Ypsilanti, Michigan or leaving those materials with a responsible adult therein

---

[2] The court sees no practical difference between posting the materials on the door and leaving them with a responsible adult at that location.

and mailing by certified and regular mail to Defendant at the same address.

Accordingly,

      IT IS ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 3) is GRANTED and alternate service is ALLOWED as specified above.

                                                    s/Robert H. Cleland      /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: August 18, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 18, 2022, by electronic and/or ordinary mail.

                                                      s/Lisa Wagner   /
                                                    Case Manager and Deputy Clerk
                                                    (810) 292-6522